Kirksey v. Kirksey.

---

## KIRKSEY v. KIRKSEY.

1. A brother-in-law, wrote to the widow of his brother, living sixty miles distant, that *if she would come and see him, he would let her have a place to raise her family.* Shortly after, she broke up and removed to the residence of her brother-in-law, who for two years furnished her with a comfortable residence, and then required her to give it up: Held, that the promise was a mere gratuity, and that an action would not lie for a violation of it.

Error to the Circuit Court of Talladega.

Assumpsit by the defendant, against the plaintiff in error. The question is presented in this Court, upon a case agreed, which shows the following facts :

The plaintiff was the wife of defendant's brother, but had for some time been a widow, and had several children. In 1840, the plaintiff resided on public land, under a contract of lease, she had held over, and was comfortably settled, and would have attempted to secure the land she lived on. The defendant resided in Talladega county, some sixty, or seventy miles off. On the 10th October, 1840, he wrote to her the following letter:

"Dear sister Antillico—Much to my mortification, I heard, that brother Henry was dead, and one of his children. I know that your situation is one of grief, and difficulty. You had a bad chance before, but a great deal worse now. I should like to come and see you, but cannot with convenience at present. * * * I do not know whether you have a preference on the place you live on, or not. If you had, I would advise you to obtain your preference, and sell the land and quit the country, as I understand it is very unhealthy, and I know society is very bad. If you will come down and see me, I will let you have a place to raise your family, and I have more open land than I can tend ; and on the account of your situation, and that of your family, I feel like I want you and the children to do well."

Within a month or two after the receipt of this letter, the plaintiff abandoned her possession, without disposing of it, and removed with her family, to the residence of the defendant, who put her in comfortable houses, and gave her land to cultivate for two years, at the end of which time he notified her to remove, and put her in a house, not comfortable, in the woods, which he afterwards required her to leave.

A verdict being found for the plaintiff, for two hundred dollars, the above facts were agreed, and if they will sustain the action, the judgment is to be affirmed, otherwise it is to be reversed.

Rice, for plaintiff in error, cited 4 Johns. 235; 10 id. 246; 6 Litt. 101 ; 2 Cowen, 139; 1 Caine's, 47.

W. P. Chilton and Porter, for defendant in error, cited 1 Kinne's Law Com. 216, 218 ; Story on Con. 115 ; Chitty on Con.

Kirksey v. Kirksey.

29; 18 Johns. 337; 2 Peters, 182; 1 Mar. 535; 5 Cranch, 142; 8 Mass. 200; 6 id. 58; 4 Maun. 63; 1 Conn. 519.

ORMOND, J.—The inclination of my mind, is, that the loss and inconvenience, which the plaintiff sustained in breaking up, and moving to the defendant's, a distance of sixty miles, is a sufficient consideration to support the promise, to furnish her with a house, and land to cultivate, until she could raise her family. My brothers, however think, that the promise on the part of the defendant, was a mere gratuity, and that an action will not lie for its breach. The judgment of the Court below must therefore be reversed, pursuant to the agreement of the parties.