RHODA McDowell, Appellee, v. P. A. McDowell, Appellant.

**Descent and distribution of estates:** RIGHTS OF HEIRS: ESTOPPEL. As a. general rule property rights created by estoppel are superior to the statute of frauds and the statutory provisions with reference to wills and conveyances of real and personal property; so that where a decedent having no issue called his wife and mother to his bedside just prior to his death and stated to them that he desired his wife to have all his property, to which the mother consented, and he therefore made no will or formal transfer of the property, the mother was estopped to claim any interest in the property under the statutes of descent.

*Appeal from Lucas District Court.*—HON. FRANK W. EICHELBERGER, Judge.

WEDNESDAY, FEBRUARY 17, 1909.

THIS is an action to establish and quiet title to certain real and personal property of which G. J. McDowell, the husband of the plaintiff, died seised. Defendant denied plaintiff's title, and in a counterclaim asked that her title · to an undivided one-half of the property be established. The trial court granted plaintiff the relief prayed, and defendant appeals.—*Affirmed.*

*W. W. Bulman,* for appellant.

*Hickman & Wells, J. A. Penick,* and *Stuart, Stuart & Stuart,* for appellee.

DEEMER, J.—Plaintiff is the widow, and defendant the mother, of G. J. McDowell, who died intestate and

without issue December 20, 1906, seised and possessed of the real and personal estate in controversy. For appellee it is contended that while deceased was lying on his death-bed, and fully comprehended that dissolution was near, plaintiff and defendant came to the bedside, and that he then, which was within a few hours of his death, stated in the presence of both of them that he desired his wife, plaintiff herein, to have all his property and to keep it, which she said she would do, and that he then turned to defendant, his mother, and asked her if that was all right, to which she responded: "Yes, Jack, it is. I don't want a cent you have got. You and Rhoda have worked hard for what you have got, and I don't want it. She can have it." With this he expressed satisfaction, and it is claimed that in consequence he made no will or other conveyance to plaintiff. These facts, somewhat elaborated in the testimony, are relied upon as being sufficient foundation for plaintiff's claim to the entire property left by her husband. The trial court found that defendant was estopped from claiming any interest in or to the property left by the deceased, and quieted the title thereto in plaintiff, and it is from this decree that the appeal is taken.

Defendant argues the case as if plaintiff were relying upon an oral will made by deceased during his lifetime, but that is not her position. She is claiming the property as the widow of the deceased and pleads as against defendant, the mother of the deceased, an estoppel, based upon her statements and conduct just prior to the demise of G. J. McDowell. While there is a conflict in the testimony regarding a conversation which took place between the deceased, his mother, and his wife just prior to his decease, we think the preponderance thereof shows that deceased intended that his wife should have all of his property; that when he realized death was at hand, and within three or four hours of the time it

occurred, he stated to his wife and his mother that it was his desire that his wife should have it all, and at the same time asked his mother if this was satisfactory to her, to which she responded in language substantially as indicated above; all parties having agreed that nothing further was done by deceased in the way of making a will or deed, and that shortly thereafter he died in the belief that his wife would take all his estate. Following our usual custom, we do not set out the testimony upon which we base these conclusions, as to do so would serve no useful purpose. The fact question being settled, the only remaining one is of law, and that is, will these facts constitute such an estoppel upon defendant as will deprive her of her right to take under the law as mother of the deceased, who left no children surviving?

The better procedure, of course, to have been pursued by the deceased was to have made a deed and bill of sale of his property, running directly to his wife, or, better still, he could easily have made a will. But he did neither, and the ultimate question here is, may an heir or successor in interest to a decedent's property so conduct himself as that he will be barred from claiming any interest therein? Unless our statutes of descent are to be regarded as absolute and as inflexible as the laws of the Medes and Persians, the facts recited should estop the defendant from claiming any interest in her son's estate. And the ultimate question in the case is, may one be estopped by declarations or conduct from claiming under the statutes of descent? The general rule announced by the decisions is that a property right, created in favor of one by an estoppel, is superior to the statute of frauds and the statutory provisions with reference to the execution of wills and conveyances of real estate and personal property. Cooley on Torts (2d Ed.) latter part section 569. As supporting this rule, see *Dowd v. Tucker,* 41 Conn. 197;

*Judd v. Mosely,* 30 Iowa, 423; *Burden v. Sheridan,* 36
Iowa, 125.

No case to which our attention has been called is
exactly in point, although the *Dowd* case, *supra,* is like
it in principle. There was a statement by testator that he
wished and intended a particular person to have his prop-
erty, or a part thereof, and a devisee under the testator's
will, who would take if the will were not changed, was
informed of this desire, and consented that the party
named should have it. On the strength of the promise
testator did not change his will by codicil, as he might
have done, and died leaving his original will unchanged.
The Connecticut court on this state of facts held that the
devisee under the will was a trustee for the benefit of the
person to whom the testator wished to give the property,
and ordered the devisee to make a conveyance thereof to
the party to whom the testator intended the property to
go. This case seems to announce the correct doctrine. The
deceased was induced not to make a will or deed on the
strength of defendant's assurance that plaintiff was to
have all the property. On the faith of the agreement he
permitted a title to one-half of the property to vest under
the statutes of descent in his mother. After his death the
mother asserts title absolute to one-half of the property
under the statutes of descent. Under such circumstances
it is not difficult to find a trust, either expressed or im-
plied, either in virtue of the promise, or by reason of
the fact that to allow defendant to disregard it would
constitute a fraud upon plaintiff, and thus create a con-
structive trust for her benefit. Whether this be worked
out by estoppel, or upon the theory of a trust, is entirely
immaterial.

Appellant's counsel do not seriously contend that such
an arrangement as is claimed by plaintiff may not be en-
forced in equity, but she insists that no such arrangement
was made, and that whatever the agreement, it did not

contemplate anything more than that the deceased might make a deed or will transferring or devising the property to the plaintiff, which he never did. In this connection it must be remembered that the conversation between the parties occurred but a few hours—less than four—before his death. Indeed, under the most favorable aspect of the case, there were not to exceed two or three hours within which deceased could have made a will or conveyance. True he might have done so during this interval had he thought it advisable, and the very fact that he did not do so is indicative of his reliance upon defendant's assurance that she would not assert any claim to his property, and that, his (testator's) wife should have it all. This, as we have said, makes out a very clear case of estoppel. The foundation of this doctrine is equity and good conscience. And its object is to prevent the unconscientious and inequitable assertion and enforcement of claims or rights which might have existed or been enforced by other rules of law unless prevented by estoppel. In practical effect there is, from motives of equity and fair dealing, the creation and vesting of opposing rights in favor of the party who gets the benefit of the estoppel. *Horn v. Cole,* 51 N. H. 287 (12 Am. Rep. 111). See, also, 2 Pomeroy's Equity Jurisprudence, 1417. We are abundantly satisfied from a perusal of this record that the trial court correctly found that defendant is estopped from claiming any title to the property, and that plaintiff's title thereto should be quieted.

The decree is therefore *affirmed.*