MILLER et al. v. HILL et al.

(Supreme Court, Appellate Division, Fourth Department. March 9, 1910.)

WILLS (§ 58*)—MAKING WILL ON AGREEMENT WITH BENEFICIARY—EVIDENCE.
    Evidence that shortly after death of testator, who willed the bulk of his property to his widow, after making some provisions for all his relatives, she stated that she promised testator, when he made his will, that she would divide half the estate among his brothers and sisters, and the other half among certain of her sisters, and that she then executed a will

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

so disposing of the property, does not show that she made a binding agreement which was relied on by testator and induced him to will his property to her, so as to give his brothers and sisters any right in the property on her dying after making a new will giving all the property to others.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 164, 165; Dec. Dig. § 58.*]

Williams and Robson, JJ., dissenting.

Appeal from Equity Term, Orleans County.

Action by Fred W. Miller and others against Emma L. Hill and others. From a judgment dismissing the complaint on the merits after a trial (118 N. Y. Supp. 63), plaintiffs appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Fletcher C. Peck, for appellants.
Sanford T. Church, for respondents.

McLENNAN, P. J. The question presented by this appeal is purely one of fact, and is: Did Rosetta G. Miller, the defendants' testatrix, make a binding agreement which was relied upon by her husband, Ogden S. Miller, and which induced him to devise and bequeath to her the bulk of his estate and which obligated her, in case she survived him, to devise and bequeath one-half of the property which came to her under her husband's will to the plaintiffs herein, share and share alike? On this issue the learned trial justice found adversely to the plaintiffs' contention.

Ogden S. Miller died at Holley, Orleans county, N. Y., on the 18th day of May, 1893, and left him surviving his widow, Rosetta G. Miller, whom he married in 1872, and a brother and two sisters, the plaintiffs herein, his only heirs at law and next of kin. There were no children born of such marriage. Mr. Miller had resided in the village of Holley practically all his life, was an active and good business man, and engaged in various business enterprises, as a result of which he accumulated property of the value of approximately $70,000, no part of which was brought to him by his wife at their marriage. From the date of such marriage until his death he and his wife resided together as husband and wife, their relations were cordial, and, so far as appears, each enjoyed the confidence and respect of the other. On the 1st day of February, 1893, about four months prior to his death, and concededly at the time in full possession of all his mental faculties, Ogden S. Miller made and executed his last will and testament, by which, after providing for the payment of his debts and funeral expenses, he devised and bequeathed to his wife $20,000 in cash, to his brother and two sisters $1,000 each, and to 11 nieces and nephews of himself and wife $100 each, and then willed all the rest and residue of his estate to his wife, Rosetta G. Miller. He nominated Walter T. Pettengill, the husband of one of his sisters (one of the plaintiffs herein), and his wife, as executors of his will. Such will was duly admitted to probate, and the executors distributed the estate in accordance with the provisions thereof. The final account by the executors, which was filed Septem-

ber 3, 1894, showed that the total estate distributed amounted to $62,-788.45 and that after paying the debts, funeral expenses, specific legacies, etc., the widow, Rosetta G. Miller, received $53,480.50. There is no question but that the sum so received by Rosetta G. Miller, the widow, was treated and used by her as her absolute property.

Rosetta G. Miller died on the 30th day of June, 1908, leaving a last will and testament bearing date June 2, 1908, 15 years after the will referred to was made and executed by her husband, by which she devised and bequeathed the property so left to her by the will of her husband, some portion to various charitable purposes and the balance to her heirs and next of kin, leaving no part thereof to the plaintiffs herein, the brother and two sisters of her husband, Ogden S. Miller. Such will was duly admitted to probate, and the property was distributed to the legatees therein named in strict accordance with its provisions, and each of such legatees, the defendants herein, claim that such property was devised and bequeathed to them by Rosetta G. Miller as theirs absolutely.

The agreement alleged to have been entered into between Rosetta G. Miller and her husband, Ogden S. Miller, is extremely indefinite in its provisions. One witness, indeed the chief witness called by the plaintiffs (who is the husband of one of the plaintiffs), testified, in substance, that on the 11th day of October, 1893, Rosetta G. Miller said to him:

"Walter, I want to make my will to-day. At the time Ogden made his will, I promised him that if I survived him that after making proper provision for a monument, and giving Daisy Downs $500, that I would divide the estate equally between Fred and Nellie and Jennie [the brother and sisters of said Ogden S. Miller] and Irene and Gusta and Emma [sisters of Rosetta G. Miller]."

The testimony of the witness cannot be interpreted more favorably as to the intention of Rosetta G. Miller than that at that time she was disposed to make a will in pursuance of what she understood would be in accordance with the wishes of her husband in the premises.

The next witness called was Mr. Salisbury, an attorney of this court, who only reiterates what the first witness testified to, not giving the precise language, but, in substance, to the effect that she desired to make a will which as she understood it would be pleasing to and would carry out the desires of her husband in that regard.

Another witness, Mr. Lee, gives testimony which indicates that the testatrix, Rosetta G. Miller, at the time in question was desirous of making a will which as she believed would meet practically the desires and wishes of her husband in the premises.

It appears that, pursuant to her desire in that regard, a will was made by her on the 11th day of October, 1893, by which, so far as important to note, one-half of the property received by her under the will of her husband was given to the plaintiffs herein, share and share alike. While the evidence given by the three witnesses, to which attention has been called, is not so convincing and satisfactory as is required under the decision of the Court of Appeals in the case of Hamlin v. Stevens, 177 N. Y. 39, 69 N. E. 118, and other cases, we think it possible that that difficulty might be overcome, except for the fact that, as we view

the record, there is not a single bit of evidence to the effect that Ogden S. Miller relied upon any promise or agreement made upon the part of his wife that his property, if willed to her, should be other than her own absolute property. He had given by the will which he made $1,000 each to his brother and two sisters, the plaintiffs herein. After making other bequests, he gave to his wife $20,000, and then made her his residuary legatee.

It seems to me that there is nothing in this case which justifies the conclusion that the will made by Ogden S. Miller, having in mind his brother and two sisters, as appears by the terms of such will, that any agreement or promise made by his wife induced him to make a will otherwise than as he intended. Practically the plaintiffs ask this court upon the evidence to which I have called attention to make two new wills, each contrary to the provisions therein contained, respectively; one, that the last will and testament of Ogden S. Miller made February 1, 1893, did not mean what it said in terms, but that his wife, Rosetta G. Miller, should receive his property under a secret agreement by which she agreed, in case she survived him, to devise and bequeath one-half of the property so received by her under his will to his brother and sisters, and notwithstanding that by the terms of such will they each received $1,000 of such property. And the other will which this court is asked to make is that the property of Rosetta G. Miller should belong one-half to the plaintiffs herein, notwithstanding that by the terms of her will it all passed to and became the property of the defendants herein.

I concur with the finding of the learned trial justice:

"That the said Ogden S. Miller in making said will as aforesaid was not induced to make the same by any promise on the part of the said Rosetta G. Miller, his wife, that she would devote or dispose of by will or otherwise the property thereby devised and bequeathed or any part thereof to any specific purpose or to any particular persons."

And further, as found by the trial court:

"That the said Ogden S. Miller, when he made said will as aforesaid, did not intend thereby or otherwise to dispose of the property thereby devised and bequeathed on trust or in trust for any purpose other than as specified in the said will."

It seems to me that the question of fact, as found by the learned trial justice, cannot be assailed, and that there was not such evidence as could have properly induced him to make other findings as to the facts than he did.

If the oral evidence in this case is sufficient to support a finding that Rosetta G. Miller agreed that, in case her husband willed to her the bulk of his estate, she, in case she survived him, would will one-half of it to his brother and two sisters, and that he relied upon such agreement and was induced thereby to make the will which he did, then the statute of wills might as well be obliterated, because it would only be necessary in any case to prove a declaration on the part of a legatee that she had agreed to dispose of the property received by her in a certain way and irrespective of whether the testator had relied upon and become a party to such agreement.

In this case Ogden S. Miller, a prominent business man, made his last will and testament, giving to his brother and two sisters $1,000 each of his estate, and then, after making some other insignificant bequests, he gave to his wife absolutely his remaining estate. Such estate was settled. She entered into the enjoyment of such property as her own. At one time shortly after his death she thought it would be agreeable to his wishes if she should distribute the property in a certain manner; there being absolutely no suggestion that she understood she was obligated to make any disposition otherwise than as might suit her desires or inclinations. Fifteen years later she did dispose of the property which came to her from her husband's estate to her heirs and next of kin.

Under the circumstances of this case, we think there is no evidence to indicate that in making such final disposition of the property she violated any agreement entered into between her and her husband, and upon which he relied, and which induced him to make the will making his wife, Rosetta G. Miller, his principal and residuary legatee.

I conclude that the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except WILLIAMS and ROBSON, JJ., who dissent.