WILLIAM H. HERMANN et al., Appellants, v. ELLA C. HERMANN, Appellee.

**TRUSTS: Constructive Trusts—Evidence.** Record reviewed, and held barren of any evidence that defendant, sole devisee in fee under a will, had fraudulently induced testator to make no change in his will because of a promise to hold a life estate only.

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

JUNE 23, 1922.

ACTION in equity to declare a trust in favor of plaintiffs on certain property title to which is in the defendant by virtue of an alleged oral promise by her to her husband from whom her title is derived. The opinion states the facts. Plaintiffs' petition was dismissed for insufficient evidence by the trial court at their costs and judgment was entered accordingly. Plaintiffs appeal.—*Affirmed.*

*A. W. Fisher* and *Voris & Haas,* for appellants.

*Naglestad & Pizey,* for appellee.

DE GRAFF, J.—Plaintiffs' cause of action is predicated on the theory of a constructive trust. The case presents a theory only as the evidence fails to support the material allegations of the petition.

The defendant Ella C. Hermann is the widow of Dr. John Hermann who died testate July 8, 1916. The plaintiffs, his brothers and sister, are the heirs at law of the decedent. In 1905 Dr. Hermann executed a will which upon his death was

duly admitted to probate and the widow, appointed therein as executrix without bond, qualified as such executrix. Prior to the institution of this action there was full administration of the estate and the estate was closed. Under the terms of this will the widow was the sole beneficiary in fee.

It is the contention of appellants as disclosed by the allegations of the petition filed that in June 1916 by reason of the illness of Dr. Hermann and his anticipation of death he desired to change his will by giving to his widow a life estate in his properties with remainder over to the appellants; that the widow was acquainted with the contents of his will and the testator's desire to change the terms thereof; that he orally informed her of what he contemplated doing and asked her whether she would, notwithstanding the terms of said will, take the property for her life only and upon her death see that the estate went to the appellants; that she expressed to the said testator her satisfaction of such an arrangement and orally promised and agreed with him that she would consummate his wishes, and that relying on the promise and agreement of the appellee, the testator neglected and failed to revoke his said will and make a new will or codicil to carry out his desire so orally expressed; that appellee in fraud of the rights of appellants and in violation of her said agreement now asserts absolute title in herself to decedent's property and has neglected to make any provision whereby title will vest in appellants on her decease.

This in brief is the statement of appellants' cause of action and it is pleaded by them that the appellee is estopped to deny that she holds the decedent's property in trust for appellants.

Dr. Hermann died July 8, 1916 and at the time of his death the record title of all his parcels of real estate, except one, was in his widow. Some of the real estate had been in her name for many years and some of it had been acquired by her before her marriage to John Hermann.

The claim of appellants is predicated wholly on one conversation during the last sickness of Dr. Hermann. On that occasion the following persons were present: the sister Lydia Neindorf, the wife Ella C. Hermann, the attorney Cal Brad-

street, the spiritual adviser Rev. Adolph Amstein and Dr. Hermann.

At the outset it may be stated that there is no competent evidence in the record based on this conversation or *aliunde*, that Dr. Hermann desired to change his will by reducing the absolute estate therein given to his widow to a life estate with remainder over to his heirs at law, or that he requested or exacted a promise from the appellee that she would take and hold the property for her life only, or that the promise pleaded by appellants was ever made by the appellee, or that Dr. Hermann failed or neglected to change his will by reason of any such promise made to him by the appellee.

In the absence of clear, convincing, and satisfactory proof of these matters a constructive trust does not arise nor may the doctrine of equitable estoppel be invoked. Nor may it be said under the evidence that a resulting trust arises in the real estate as against the wife by reason of the fact that the decedent invested his money in real estate, title to which was taken in the name of the wife. *Hayes v. Dean*, 182 Iowa 619.

The burden of proof rested on the plaintiffs and it has not been sustained. This cause is based upon a parol promise and agreement. To be enforcible to create a trust as to the real estate in question the agreement must be evidenced by writing, unless attended by such fraud that equity will impress upon the property a constructive trust or unless in equity and good conscience the defendant is estopped to assert and enforce her claims or rights arising under the will and the deeds of Dr. Hermann.

Constructive trusts arise when the legal title to property is obtained by a person in violation, express or implied, of some duty owing to him who is equitably entitled. Such trusts are imposed by equity and contrary to the trustee's intention and will. They are trusts *in invitum* and are predicated on fraud either actual or constructive. Fraud is the essence thereof and must be found at the initial source. Such trusts may arise from a violation of a positive fiduciary relationship but in the last analysis it is a species of fraud and so viewed in equity.

It is said by Mr. Pomeroy:

"In general, whenever the legal title to property, real or

personal, has been obtained through actual fraud, misrepresentations, concealments, * * * or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitably entitled to the same, * * * The forms and varieties of these trusts, which are termed *ex maleficio* or *ex delicto,* are practically without limit. The principle is applied whenever it is necessary for the obtaining of complete justice, although the law may also give the remedy of damages against the wrongdoer." 3 Pomeroy's Equity Jurisprudence (4th Ed.) Section 1053.

The same doctrine is expressed by Mr. Perry in this language:

"If one party procures the legal title to property from another by fraud or misrepresentation or concealment, or if a party makes use of some influential or confidential relation which he holds towards the owner of the legal title, to obtain such legal title from him upon more advantageous terms than he could otherwise have obtained it, equity will convert such party thus obtaining property into a trustee. If a person obtains the legal title to property by such arts or acts or circumstances of circumvention, imposition, or fraud, or if he obtains it by virtue of a confidential relation and influence under such circumstances that he ought not, according to the rules of equity and good conscience as administered in chancery, to hold and enjoy the beneficial interest of the property, courts of equity, in order to administer complete justice between the parties, will raise a trust by construction out of such circumstances or relations; and this trust they will fasten upon the conscience of the offending party, and will convert him into a trustee of the legal title, and order him to hold it or to execute the trust in such manner as to protect the rights of the defrauded party and promote the safety and interests of society. Such trusts are called *constructive* trusts. They differ from other trusts in that they are not within the intention or contemplation of the parties at the time the contract is made from which they are construed by the court, but they are thrust upon a party contrary to his intention and

against his consent." 1 Perry on Trusts (3d Ed.) Section 166.

In the case of *McDowell v. McDowell*, 141 Iowa 286 the principle involved and stated is bottomed on the theory of equitable estoppel. It is a well recognized principle, but it finds no application to the case at bar for the simple reason that the facts and circumstances to create such a situation are not recited in the record but only in the pleadings.

It may not be said under the evidence in the instant case that the conduct of the wife operated as a fraud upon her husband or that anything she did, said or promised caused the testator to fail to revoke, change, or modify his will. By no act of hers did she procure the legal title to herself either through the will or by deeds previously executed. The defendant was neither an active nor a passive agent in procuring the devise in her favor.

It may be conceded that there was some conversation relative to the future disposition of decedent's property upon the death of the widow. The occasion for the meeting to which we have heretofore referred was to furnish money by Dr. Hermann to his sister Lydia to satisfy a mortgage on her property. The money was paid and the mortgage was satisfied. It further appears that Dr. Hermann had expressed to his wife a wish that his heirs at law should be provided for out of his estate upon the death of the wife and she had expressed her intention to respect his desire. This did not arise to the dignity of an agreement nor was the matter of changing his will in any particular discussed nor was his intention so to do evidenced in any manner.

The record is barren of any fraud, imposition or even agreement that influenced the testator to do or not to do anything in relation to the disposition of his property. We have no quarrel with the law stated and cited by appellants, but we are abundantly satisfied from a perusal of this record that the facts do not bring the cause within the rule announced in the following cases: *Gilpatrick v. Glidden*, 81 Me. 137 (16 Atl. 464); *Ransdel v. Moore*, 153 Ind. 393 (53 N. E. 767); *Dowd v. Tucker*, 41 Conn. 197; *McDowell v. McDowell*, supra.

The trial court correctly ruled the case and the judgment entered is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.