CHARLES C. O'BOYLE et al., Respondents, *v.* EDWARD C. BRENNER, Appellant.

First Department, May 24, 1948.

*Joseph M. Proskauer* of counsel (*Francis J. Mahoney, Bernard R. Rapoport* and *Menahem Stim* with him on the brief; *Curran & Stim,* attorneys), for appellant.

*Frederick M. Schlater* for respondents.

*Per Curiam.* We find on this record that defendant promised his wife that, if she refrained from revoking her will in his favor and from leaving substantially all of her property to her children, he, the defendant, would leave to those children on his death all of the property, real and personal, that he had inherited from his wife, their mother, including the house at Ridgefield, Connecticut, and such jewelry as he would not be obliged to sell for the payment of taxes on his wife's estate. Since

that promise was repudiated by the defendant, the court below properly afforded a remedy by way of constructive trust. (*Foreman* v. *Foreman*, 251 N. Y. 237; *Sinclair* v. *Purdy*, 235 N. Y. 245; *Harrington* v. *Schiller*, 231 N. Y. 278.)

All findings of fact inconsistent with this holding should be eliminated from the judgment. In that connection we believe that the use of the words " or at least in the hope and expectation " in the decision of the court below was an inadvertence (189 Misc. 1058, 1060). The entire decision is a finding of a valid enforcible promise by the defendant.

The referee named by the court below shall, unless the parties themselves agree on the amount, ascertain the net sum received by the defendant under the will of his deceased wife and any and all property, real and personal, constituting part of her estate which he inherited. The defendant in the interlocutory judgment will be directed to turn over the amount so found and convey such real and personal property to a trust company to be designated in the judgment under a deed of trust in the form to be agreed to without prejudice by the parties or their attorneys or, in the event of disagreement, by the court at Special Term in its final judgment. The trust company so designated shall invest the proceeds and pay the income to the defendant for life and after his death pay the principal to the five children of the deceased or their descendants, per stirpes and not per capita. On the death of the defendant the trust company shall in like manner distribute to the five children the real and personal property before mentioned.

The defendant shall not be required to account for any income he derived from property, real or personal, received by him under the will of his wife nor shall he account for any moneys or property received by him at any time from his wife other than that which came to him under her last will and testament.

The defendant is entitled to the free use of the house at Ridgefield and its contents and the contents of the apartment in New York City during his lifetime or, if he desires the house in Ridgefield to be sold, that shall be done by the trustee and the net proceeds added to the principal of the trust.

The defendant shall in the judgment be directed to turn over to the trustee the jewelry received by him under the will except such portion thereof as he necessarily sold in order to pay taxes. If any dispute shall arise between the parties as to this, the matter shall be referred to the referee hereinbefore mentioned.

The judgment shall direct that the jewelry so turned over to the trustee shall be held by the trustee during the term of the life estate with power to sell and invest the proceeds of same, if the life tenant's economic needs require it; and at the termination of the life estate any jewelry still remaining undisposed of, shall be divided equally between the two daughters of the deceased, or, in the event of disagreement, in such manner as the trustee in its sole discretion shall determine.

As herein modified, the interlocutory judgment appealed from should be affirmed, without costs.

The motion of March 16, 1948, to permit Margaret C. Corry to intervene as plaintiff is granted.

COHN, J. (dissenting). There is no clear and convincing evidence that defendant ever made the promise referred to in the undated notes left by decedent. If the alleged promise had been made prior to July 6, 1942, there is every reason to believe that a reference to such promise would have been inserted in the will executed by decedent on that date. As the will remained, it stated that it is " my primary purpose in so far as it is possible, to provide for the economic security of my beloved husband " and that the children " will be amply provided for through their interests in the Cobleigh and Teter estates."

Plaintiffs also attempted to show that the reason decedent failed to revoke the will was because she relied upon defendant's promise to leave everything to the children. Proof was adduced that in February, 1944, Mrs. Brenner had instructed her attorneys to revoke or modify her will and to prepare a new one under which the children would receive her property upon her death. It was further established that in March, 1944, defendant communicated with Mrs. Brenner's attorneys and requested them to do nothing further regarding the will until they received additional instructions. Mrs. Brenner died in February, 1945. In the meantime no additional instructions had been given to the attorneys.

This circumstantial evidence does not exclude every reasonable theory other than that Mrs. Brenner failed to revoke her will because she was relying upon a promise defendant allegedly made. Many explanations reasonably could be advanced as to what led her to change her mind a month after expressing her intention to make a new will.

The trial court found that Mrs. Brenner left her property to defendant upon his promise, or at least in the hope and expectation, that " everything we have " will ultimately go to the

children. Doubtless, decedent may have entertained the hope and expectation that everything would ultimately go to her children. But that is not enough. A mere expectation and a promise not relied upon by decedent are insufficient to warrant a finding of fraud by the recipient in holding the property as his own. (*Miller* v. *Hill,* 64 Misc. 199, affd. 137 App. Div. 378, affd. 203 N. Y. 646; *Amherst College* v. *Ritch,* 151 N. Y. 282, 323; *Rutherford* v. *Carpenter,* 202 N. Y. 532; *Housman* v. *Commissioner of Internal Revenue,* 105 F. 2d 973, 975, certiorari denied 309 U. S. 656; 3 Bogert, Trusts and Trustees, § 499, p. 239.) Before a court of equity may declare a constructive trust upon verbal proof, notwithstanding the provisions of the statutes relating to wills, there must be clear, positive and definite proof of the alleged trust. (*Wallace* v. *Wallace,* 216 N. Y. 28, 39; *Tracy* v. *Danzinger,* 253 App. Div. 418, 421, affd. 279 N. Y. 679; *Strype* v. *Lewis,* 352 Mo. 1004, 1011.)

Any finding that decedent, in reliance upon defendant's promise, orally agreed to write her last will in defendant's favor, or that she agreed thereafter not to revoke it upon such alleged promise, would be based upon pure guess work and speculation.

For the foregoing reasons the judgment should be reversed and the complaint dismissed.

GLENNON, J. P., CALLAHAN and SHIENTAG, JJ., concur in *Per Curiam* opinion; DORE, J., dissents in part and votes to affirm; COHN, J., dissents in opinion.

Interlocutory judgment modified in accordance with opinion *Per Curiam* and as so modified affirmed, without costs. Settle order on notice.