In the Matter of the Accounting of JAMES W. BROWN, Public Administrator of Bronx County, as Administrator of the Estate of HATTIE BAER, Deceased.

Surrogate's Court, Bronx County, November 2, 1949.

*Robert Williamson* and *Bernard J. O'Connell* for administrator.

*Alfred Feingold* for Hans S. Liebmann, claimant.

*Katz, Wittenberg & Katz* for Emma Kahn and others.

*David Stein,* special guardian for unknown persons and persons whose whereabouts are unknown.

HENDERSON, S. Upon the judicial settlement of the account of the administrator *c.t.a.,* one Hans S. Liebmann claims the entire net estate by virtue of an alleged agreement made by the decedent.

The claimant relies upon a certain letter dated December 31, 1935, written in German by the decedent, to Sigmund Liebmann, the claimant's father.

On the above-mentioned date the decedent also known as Jettchen Baer, lived with her brother in New York City. The claimant lived with his parents in Germany.

The letter which opens with the greeting " My dear ones:," acknowledges the receipt of a gift and expresses the decedent's wishes for a happy new year. After making a reference to a portion of a letter received from the claimant's father which warned the decedent and her brother with respect to making a certain guarantee, the decedent wrote, " When we gave an affirmative answer, we were guided by the desire to be helpful and to respond to an urgent request. However, being alarmed by several instances, and cognizant of the significance of a guarantee, we cancelled our promises before your letter arrived, even at the risk that the people will take it amiss. In the meantime we have received more of such inquiries but declined them — there is only one guarantee for us, if it ever comes to that and that one is for Hans."

Then follows the language relied upon by the claimant, to wit: " And I repeat, Hans is always, and at any time, welcome with us, and thus, not only as a guest—as a member and future heir in our midst. To be sure, it is not a so called American Million Dollar Estate; * * * but * * * sufficient to form a foundation for a start and this is of enormous help in this country * * *."

The decedent then continued: " May God give that Hans will only have to avail himself of this as a last resort, primarily for your own sake, dear Rosa and Sigmund * * *. * * * Should it happen, Ludwig would do everything within his power to build a future for Hans, * * *. Fully realizing what I am saying, I hope there will be no more questions to the puzzle of Hans' future, and this should give all three of you the requested assurance, * * *."

The last paragraph contains certain philosophic thoughts of the writer and closes with a repetition of her good wishes for the new year.

Below the decedent's signature there appears a sentence added by her brother Louis wherein he writes, " * * *, I am in full agreement with what Jettchen has written and for that reason, you should not worry about the future of Hans as far as we are concerned."

The claimant thereafter came to America.

On December 20, 1940, the decedent and her brother Louis Baer, made a joint will by which each gave to the survivor his or her estate. The claimant acted as one of the subscribing witnesses to this document which was admitted to probate. Louis Baer predeceased the decedent and no new will was ever executed by her. She died on October 22, 1944.

The claimant together with the other persons mentioned in the petition as the only known distributees, are maternal second cousins of the decedent.

The principle of law applicable to the facts herein brings to mind the famous case of *Kirksey* v. *Kirksey* (8 Ala. 131). In that case the defendant wrote a letter to his sister-in-law after her husband's death, advising her to sell her land. He wrote, " If you will come down and see me, I will let you have a place to raise your family * * *, I feel like I want you and the children to do well."

The plaintiff complied with the suggestion in the letter and some time later the defendant changed his mind. The court in an action brought upon the contract stated that " the promise * * * was a mere gratuity and * * * an action will not lie for its breach." (P. 133.)

In this type of case, the question presented to the court is whether an enforcible contract was intended or merely a gift on a condition. This issue is often difficult to determine. " An aid, though not a conclusive test in determining which construction in the promise is more reasonable is an inquiry whether the happening of the condition will be a benefit to the promisor." (*Allegheny College* v. *National Chautauqua Co. Bank*, 246 N. Y. 369, 378.)

In the case at bar, whatever promise was contained in the letter was solely for the benefit of the claimant. This is evident from the words " May God give that Hans will only have to avail himself of this as a last resort." The language is indicative of an invitation, the offering of a haven, with the hope that he will not be compelled to seek it. It is in a sense an assurance. There is nothing contained therein which indicates that the decedent had any contractual intent. No reasonable person would ever think that by virtue of the sentiments expressed therein, the decedent had bound herself with respect to a disposition of her property.

There is no stated consideration for the alleged agreement of the decedent. No request is made by her for the performance of any act in return for which the claimant was to become the sole person entitled to succeed to the property claimed herein.

Failing to set forth all the substantial and material terms of a contract, the writing is insufficient to satisfy the statute of frauds (Personal Property Law, § 31, subd. 7; *Standard Oil Co. v. Koch,* 260 N. Y. 150).

It is elemental that the terms of a contract must be certain and explicit to make it enforcible. It cannot be vague or indefinite (*Varney* v. *Ditmars,* 217 N. Y. 223).

The paper before the court is silent as to the extent of the obligation which the claimant seeks to impose upon the estate. No intention to give the claimant the entire estate has been shown. No expression of promise is any more definite than the statement that "Ludwig will do everything in his power to build a future for Hans," which clearly is so vague as to be without any legal significance whatsoever.

This matter involves only a typical letter of an elderly relative endeavoring to ease the minds of those who were living in a country confronted with economic problems. It is evident that there had been a prior interchange of letters between the decedent and Sigmund Liebmann in reference to bringing persons to this country and that the decedent and her brother had in mind the giving of immigration bonds but had come to the conclusion that the only person for whom the decedent and her brother would be responsible was the claimant.

It is certain that the decedent had benevolent and perhaps testamentary intentions. However, recovery against her estate " * * * cannot be based upon disappointed expectations or even on expression of intention, in the form of a promise which was not carried out. The evidence is insufficient to show more " (*Frankenberger* v. *Schneller,* 258 N. Y. 270, 273).

By reason of the failure of the parties herein to prove the distributive rights of those persons whose names appear in the petition, the public administrator will be directed to deposit the money in his hands in the city treasury.

Settle decree.