## (January 26, 1966)

■ COHOES MEMORIAL HOSPITAL, Appellant, v. EARL J. MOSSEY, Respondent.—HERLIHY, J. Appeal from an order which denied summary judgment in an action which sought to recover the balance due on a subscription pledge. The complaint alleged that the plaintiff, referred to herein as the hospital, embarked on a campaign to build a new hospital in the Cohoes-Latham area and that the defendant, referred to herein as the doctor, made a pledge in writing, a copy of which was attached to the complaint, and stated: " To meet the urgent need for a new Hospital to serve the people in the Cohoes-Latham area and in consideration of the pledges of others I/we subscribe ". The complaint further alleged that the plaintiff had performed each and every part of its agreement and that approximately four years subsequent the doctor had paid $500. An answer was served on February 18, 1965 denying performance by the hospital and setting up two defenses and counterclaims. The first counterclaim alleged the failure of the hospital to provide qualified anesthetists; that the doctor provided and paid for this service and requested judgment for the balance due, but the allegation is not sufficient to be the basis for an action in contract. The second alleged in substance that a representative of the hospital stated that each doctor attached to the hospital staff was giving a definite sum of money and which the doctor herein agreed to and did pledge, but that such statement was false and that, therefore, the pledge never became a valid expressed contract. The record shows that on January 1, 1965, after the service of the complaint but prior to the service of the answer, the doctor made a payment on account of $1,000. There is no ground for rescission as demanded in the answer, the payment on account after the institution of the action being a ratification of the pledge and a bar. (*Emigrant Ind. Sav. Bank* v. *Willow Bldrs.*, 290 N. Y. 133, 144.) In opposition to the motion for summary judg-

ment, the only affidavit submitted was by the doctor who reiterated in words or substance the contents of the first and second defenses. It is the well-established law of this State that charitable subscriptions (pledges) are enforcible on the ground that they constitute an offer of a unilateral contract which, when accepted by the charity by incurring liability in reliance thereon, becomes a binding obligation. (See *I. & I. Holding Corp.* v. *Gainsburg,* 276 N. Y. 427; *Liberty Maimonides Hosp.* v. *Felberg,* 4 Misc 2d 291.) While the doctor in his answer denied that the hospital performed in accordance with the pledge, a reading of his opposing affidavit establishes that a new hospital was built. The second defense alleged that the doctor's pledge was conditioned on the amount to be subscribed by other doctors associated with the hospital. We do not think, under the circumstances, that the conclusory statements in the affidavit of the doctor are sufficient when there is a failure to show any evidentiary facts or the name of the representative of the plaintiff alleged to have made such statement or the names or affidavits of other doctors in support of the defendant's position. (See *Koreska* v. *United Cargo Corp.,* 23 A D 2d 37, 40, 41.) The other aspect of this alleged defense stated that the doctor's pledge was induced by false representations as to the "modern anesthetic techniques" to be employed in the operating room of the hospital. If for no other reason, the allegation of fraud is no defense to a promise for future action. Under these circumstances, the pleadings and affidavits submitted by the defendant raise no genuine triable issue. Order reversed, on the law and the facts, and summary judgment granted to plaintiff hospital, with costs, and without prejudice to the defendant instituting an action in contract to recover, if he be so advised, for the alleged anesthetic services. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.