In the Matter of the Probate of the Will of FLORENCE M. DE LANO, Deceased. ULTIMATE BENEFICIARIES OF CHARITABLE DISPOSITION, Appellants; FREDERICK G. BASCOM et al., Respondents. — Appeal from an order of the Supreme Court at Special Term, entered August 30, 1972 in Essex County, which denied a motion by the Attorney-General and granted a cross motion by respondents for summary judgment, and from the judgment entered thereon. On December 28, 1959 Nora B. DeLano and Florence M. DeLano, unmarried sisters, executed separate wills which were identical except for one paragraph that bequeathed, reciprocally, the entire estate to the surviving sister, absolutely. Subsequent to the death of one sister in 1963, the surviving sister made several changes in her last will and this instrument became the subject of a will contest when offered for probate. The first of 25 issues framed for trial, the subject matter of the motion and cross motion for summary judgment, read "Were the Last Wills and Testaments of Florence M. DeLano and her sister, Nora DeLano, both dated and executed on December 28, 1959 executed pursuant to mutual expressed promises not to alter or revoke their respective Last Will and Testaments?". Any mutually expressed promises not to alter or revoke their respective wills had to be in writing to satisfy the requirements of the Statute of Frauds (EPTL 13-2.1). The evidence required to show a contract by one deceased to dispose of his property in a certain manner after his death must be clear and convincing or it will not be regarded as sufficient (*Wallace* v. *Wallace,*

216 N. Y. 28, 39; *Edson* v. *Parsons,* 155 N. Y. 555). No memorandum was produced and the affidavits and exhibits offered on the motion, while evincing a common objective and purpose of the sisters, fail to prove not only that a sufficient memorandum existed but also that an agreement not to alter or revoke had in fact been made by the sisters. Appellants further urge that the court should have found a constructive trust based upon an underlying inference that the surviving sister was induced to breach an oral agreement not to alter or revoke her will either by fraud or undue inference of the proponents of her last will. Determination of this contention depends upon a resolution of the underlying issues of fact as framed by the Surrogate. These issues were previously resolved in favor of the proponents (*Matter of De Lano,* 34 A D 2d 1031, affd. 28 N Y 2d 587). However, since the Attorney-General was not then a party, he is not bound by this prior adjudication (Supplementary Practice Commentary by Professor David D. Siegel, McKinney's Cons. Laws. of N. Y., Book 58A, 1972–1973 Supp., pp. 40–41, under SCPA 502). Therefore, since questions of fact requiring trial exist, we cannot pass upon the possible imposition of a constructive trust. Order and judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.