■ In the Matter of Versailles Foundation, Inc., Appellant. Bank of New York et al., Respondents. [610 NYS2d 2] — Decree, Surrogate's Court, New York County (Renee Roth, S.), entered on or about June 4, 1993, which denied petitioner's application to compel respondent executor's delivery of specific property pursuant to SCPA 2105, unanimously affirmed, without costs.

We agree with the Surrogate that the decedent's personal letters to petitioner's not-for-profit officers, thanking them for luncheons and various forms of entertainment, are not clear and convincing evidence of a contract by the decedent to bequeath the subject property to petitioner *(see, Matter of De Lano,* 41 AD2d 880, 880-881), *i.e.,* "that the decedent's alleged promise was made and understood, not as a mere expression of intention, but as the assumption of a binding obligation in consideration of a promise given by the plaintiff in return, or of performance by the plaintiff of a stipulated act" *(Frankenberger v Schneller,* 258 NY 270, 273). It is well settled that charitable pledges "are enforcible on the ground that they constitute an offer of a unilateral contract which, when accepted by the charity by incurring liability in reliance

thereon, becomes a binding obligation" *(Cohoes Mem. Hosp. v Mossey,* 25 AD2d 476, 477). The letters relied upon are equivocal, and, even if viewed in a light most favorable to petitioner, capable of construction as mere expressions of testamentary intention, changeable at will *(see, Frankenberger v Schneller, supra).* Petitioner's claim of detrimental reliance, which consists primarily of its having wined and dined the decedent, is also less than clear and convincing in view of the admitted personal friendship between petitioner's officers and the decedent and her husband(s). Moreover, as the Surrogate noted, petitioner's purported efforts were not entirely in vain in that the decedent did bequeath a clock valued at $20,000 and made an additional inter vivos transfer of $500. Petitioner's "disappointed expectations" that more would be bequeathed are insufficient to enforce the alleged promises *(see, e.g., Frankenberger v Schneller, supra; Matter of Baer,* 196 Misc 979, 982). Concur—Sullivan, J. P., Carro, Ellerin, Asch and Tom, JJ.