■ Kurt Kavoukian, Respondent, v William B. Kaletta, Appellant. [742 NYS2d 157] —Cardona, P.J. Appeal from an order of the Supreme Court (McNamara, J.), entered March 6, 2001 in Albany County, which denied defendant's motion to dismiss the complaint on the ground of a prior release.

On October 28, 1998, plaintiff and defendant were involved in an automobile accident on Central Avenue in the City of Albany. Plaintiff, a resident of Vermont, was treated the following day for a whiplash-type injury and had approximately $800 worth of damage to his automobile. On November 1, 1998, plaintiff informed Nationwide Insurance Company, defendant's insurance carrier, of the accident and made arrangements to meet with a claims representative in the parking lot of a local restaurant. At the meeting, which lasted approximately 20 minutes, the representative videotaped the damage to plaintiff's vehicle and proffered a check for $1,200. Plaintiff accepted the check and, in addition, signed a form entitled "Release of All Claims," specifically discharging defendant and Nationwide from all liability for personal injury and property damage arising out of the accident.

Thereafter, in December 1999, plaintiff commenced this action seeking damages for both personal injury and property damage as a result of this automobile accident. In his May 2000 answer, defendant raised release and accord and satisfaction as affirmative defenses. Thereafter, in October 2000, defendant brought a motion pursuant to CPLR 3211 requesting that the complaint be dismissed upon said grounds. Addressing only the affirmative defense of release, Supreme Court denied the motion based upon plaintiff's allegations that the release was, inter alia, fraudulently procured, resulting in this appeal.

Supreme Court decided defendant's motion, as pleaded, pursuant to CPLR 3211. However, this motion pursuant to CPLR 3211 (a) (5), made several months after the filing of defendant's answer, should have been treated as a CPLR 3212 summary judgment motion (see, Rich v Lefkovits, 56 NY2d 276, 278;

*Tufail v Hionas,* 156 AD2d 670, 671), especially since it was not based upon one of the permissible grounds for a postanswer motion to dismiss (*see,* CPLR 3211 [e]; *see generally,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:53, at 73; CPLR C3211:58, at 79). Under these circumstances, although the parties are entitled to notice that the motion will be accorded summary judgment treatment (*see,* CPLR 3211 [c]; *Rich v Lefkovits, supra* at 278-279), we find such notice unnecessary in this matter since our review of the record indicates that the parties "laid bare" their proof by, inter alia, submitting affidavits and other documentary proof (*see, New York State Higher Educ. Servs. Corp. v Barry,* 267 AD2d 567, 567-568; *Phillips v Sollami,* 220 AD2d 946, 947; *Capital Wireless Corp. v Deloitte & Touche,* 216 AD2d 663, 665-666; *see also,* 97 NY Jur 2d, Summary Judgment and Pretrial Motions to Dismiss § 175, at 394-395).

Turning to the merits of defendant's motion, we conclude that defendant met his initial burden on a summary judgment motion (*see,* CPLR 3212 [b]) by submitting proof establishing that the doctrine of release bars plaintiff from maintaining this action. Where, as here, "the language of a release is clear and unambiguous, the signing of a release is a 'jural act' binding on the parties" (*Booth v 3669 Delaware,* 92 NY2d 934, 935). While it is true that a release will be set aside if obtained as a result of, inter alia, fraud or overreaching (*see, Gohar v Albany Hous. Auth.,* 288 AD2d 657, 658; *Gibli v Kadosh,* 279 AD2d 35, 41; *Belardo v Fulmont Mut. Ins. Co.,* 271 AD2d 837, 838), even accepting plaintiff's allegations, as we must, in the light most favorable to him (*see, Reiser, Inc. v Roberts Real Estate,* 292 AD2d 726, 729), we nevertheless find that plaintiff failed to raise a triable issue of material fact concerning the existence of fraud or overreaching by the claims representative. The encounter with that representative as described by plaintiff simply does not sufficiently articulate the material elements of fraud or overreaching necessary to set aside the release. We further note that although plaintiff claims that the representative allegedly misrepresented the scope of the release, plaintiff also admitted that he did not read the release before signing it (*see, Verstreate v Cohen,* 242 AD2d 862, 863; *see also, Morby v Di Siena Assoc.,* 291 AD2d 604). It is clear from a plain reading of the release herein that both personal injury and property damage claims were being relinquished. Accordingly, the record establishes defendant's entitlement to summary judgment dismissing the complaint.

Mercure, Carpinello, Mugglin and Rose, JJ., concur. Ordered

that the order is reversed, on the law, with costs, defendant's motion to dismiss converted to a motion for summary judgment, motion granted, and complaint dismissed.