■ ABIMEL TOLEDO, Appellant, v WEST FARMS NEIGHBORHOOD HOUSING DEVELOPMENT FUND COMPANY, INC., Respondent and Third-Party Plaintiff. DNA CONTRACTING LLC, Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [824 NYS2d 34]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered July 14, 2005, granting third-party defendant DNA Contracting's motion and defendant West Farms' cross motion for dismissal of the complaint, unanimously affirmed, without costs.

The motions to dismiss were technically untimely but we correct the defect (CPLR 2001) and treat them as if they had

requested summary judgment. Although parties are ordinarily entitled to notice of such treatment, we find notice unnecessary since the record indicates that the parties laid bare their proof, submitting affidavits and documentary evidence in support of their respective positions (*see Kavoukian v Kaletta*, 294 AD2d 646, 647 [2002]).

As to the merits of the respective motions, we note that a release is "a jural act of high significance without which the settlement of disputes would be rendered all but impossible" (*Mangini v McClurg*, 24 NY2d 556, 563 [1969]). It is well established that further litigation following a release should not be permitted "except under circumstances and under rules which would render any other result a grave injustice. It is for this reason that the traditional bases for setting aside written agreements, namely, duress, illegality, fraud, or mutual mistake, must be established or else the release stands" (*id.*).

Plaintiff did not establish any basis for denying dismissal of the complaint on the ground of release. He never denied executing the release, never attested that the signature was not his, and never stated when, if, or the circumstances under which the release was presented to him. Thus, no issue of fact was presented. Concur—Tom, J.P., Mazzarelli, Andrias, Sweeny and Malone, JJ.