■ The Paul and Irene Bogoni Foundation et al., Appellants, v St. Bonaventure University et al., Respondents. [913 NYS2d 154]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered October 22, 2009, dismissing the complaint in its entirety and granting defendant university the principal sum of $900,000 on its counterclaim for outstanding pledges, unanimously affirmed, with costs.

Plaintiffs sought a declaration that charitable contributions they had pledged to the university were subject to certain conditions and restrictions that were neither stated nor indicated in the written and executed gift commitment and endowment agreements. "[A]s with contracts generally, when the pledge is made in writing, unless conditions are expressed, or at least implicit, in the agreement itself, parol evidence may not be used to

supply them except to show conditions precedent to the effectiveness of the agreement" (*Woodmere Academy v Steinberg*, 41 NY2d 746, 750 [1977]). The cause of action for an accounting also failed because the pledged gift did not create a fiduciary relationship between the parties giving rise to such an obligation (*see Abercrombie v Andrew Coll.*, 438 F Supp 2d 243, 275 [SD NY 2006]). Although the court reserved ruling on the cause of action for specific performance, that was also subject to dismissal because it was based on supposition and allegations contradicted by undisputed evidence in the record.

The court correctly granted summary judgment on defendants' motion to dismiss; notice of request for summary dismissal was unnecessary because the parties had clearly laid bare their proof before the court in the form of affidavits and extensive documentary evidence (*Toledo v West Farms Neighborhood Hous. Dev. Fund Co., Inc.*, 34 AD3d 228 [2006]; *Kavoukian v Kaletta*, 294 AD2d 646, 647 [2002]). Defendants were also entitled to summary judgment on their counterclaims for $900,000 in yet outstanding pledges toward a library expansion project. The amount pledged was memorialized in an unambiguous gift commitment agreement. It is undisputed that defendants acted in reliance thereon when securing additional pledges and constructing the expansion. Under New York law, charitable pledges are enforceable because they constitute an offer of a unilateral contract that—when accepted by the charity by incurring liability in reliance thereon—becomes a binding obligation (*Matter of Versailles Found. [Bank of N.Y.]*, 202 AD2d 334 [1994]; *see I. & I. Holding Corp. v Gainsburg*, 276 NY 427, 433 [1938]). Concur—Tom, J.P., Saxe, Friedman, Sweeny and Abdus-Salaam, JJ.