Ohables H. Gaffney, S.
This proceeding for a construction involves the validity of a trust created by paragraph second of the will of testatrix.
Testatrix died September 29, 1952, leaving a last will and testament dated July 26, 1950 which was admitted to probate by a decree of this court dated October 14, 1952. Surviving her was the petitioner, Gwendolyn A. M. Hedden, her daughter, and sole distributee.
Paragraph second of testatrix’ will reads as follows:
“ Second. I give, bequeath and devise all the rest, residue and remainder of my property, both real and personal, of every name and nature and wheresoever situated or located to my friends, Peter H. Harp and Ruth Trowbridge, in trust, nevertheless, to invest and re-invest and collect the profits and rents and income therefrom and to pay from the interest and so much of the principal as may be necessary to make a total payment of Thirty Five Dollars ($35.00) per week for the support, maintenance and education of my daughter Gwendolyn A. M. Hedden.
‘ ‘ I empower my Trustees to sell and convey any and all of my real estate which they in their sole discretion may determine to sell, and they are to be the sole judges of the manner in which such real estate shall be sold. I also empower my Trustees to apply such additional sums as may be necessary for the use and benefit of my daughter, and they shall be the sole judges as to the propreity [sic] of such expenditures.
“ No bond shall be required of my Trustees or their successors.”
The petitioner, Gwendolyn A. M. Hedden, seeks a construction that no valid trust was created by the terms of the will, or, in the alternative, that if a valid trust was created by the will, that the trust term intended by testatrix must be measured by the minority of the cestui que trust.
Respondent trustees contend that the intention of the testatrix was to create a trust for the life of the beneficiary.
In a construction proceeding the court must first endeavor to ascertain the intention of testatrix from the language of the will; and then carry out such intention, if legally permissable. (Matter of Sliter, 286 N. Y. 117; Matter of Buechner, 226 N. Y. 440.)
The court must presume that the will was drawn with knowledge of the applicable provisions of the law (Kahn v. Tierney, 135 App. Div. 897, affd. 201 N. Y. 516). Moreover, where the will is capable of more than one construction a valid construction must necessarily prevail over an invalid one. *1014 (Matter of Gallien, 247 N. Y. 195; Greene v. Greene, 125 N. Y. 506.)
On the date that the will was drawn Gwendolyn A. M. .Hedden, the only ..child of the widowed -testatrix;, was .13 .years of ,-age. .Neither a trust term nor ?a remainderman Is provided for in the will. It is obvious from a reading of the will that the only beneficiary that the testatrix had in -mind when drawing her will was Gwendolyn A. M. Hedden. Although no tr-ust term was provided .for, this court is constrained to told 'that the .testatrix intended to provide an income for her 'daughter until such time as the -child could provide for herself.
Subdivision 3 ,of section .96 of the -Real Property Law provides that an express trust may be -created 11 To receive the rents and profits of real property, and apply them to the -use of .any .person, during the life of that person, or for any shorter term, subject to the provisions of law relating thereto "Where no time is specified for the performance of -a trust a reasonable time .may be allowed. (Arnold v. Gilbert, 5 Barb. 190; 3 Jessup-Redfield, Surrogates’ Law & Practice, § 2605.) If duration is uncertain the tendency is to shorten the trust period. (Chwatal v. Schreiner, 148 N. Y. 683.)
Since no remainderman was named hy the testatrix she evidently "intended to give the benefit of .her entire estate it© "her daughter.. If she intended her daughter only to be -a beneficiary of the trust for .life she certainly should have named a .remain-derman in a lawyer-prepared will.
As there is no express direction to be found in the will for payment of any income in excess of the specific amount .provided therein for Gwendolyn A. M. Hedden, there is an implied direction to accumulate same. (Cochrane v. Schell, 140 N. Y. 516.)
Respondent trustees ’ contention also .fails because if carried out, an unlawful accumulation might result, in violation -of section 61 of the Real Property Law and section 16 Of the Personal Property Law. The foregoing .sections -of .the Real and Personal Property Laws provide that an accumulation of income must terminate at or before the expiration of the minority of the beneficiary of such income, implied accumtila-tions are as much forbidden as express ones. (St. John v. Andrew Inst. for Girls, 191 N. Y. 254.)
Despite the rule against accumulations a trust may be valid by reason of an implied .direction for ¿accumulation during minority of the beneficiary. Therefore, implied accumulations during the minority of Gwendolyn A. M. Hedden were válid until she attained the age of 21.
*1015 The trastees are directed to terminate the trust as of the date of the beneficiary’s twenty-first birthday, and to turn over to her any and all principal and income of the trust created in paragraph second after an appropriate accounting is made.
Submit decree in accordance with this opinion.