■ In the Matter of the Construction of the Will of ANNA G. HEDDEN, Deceased. PETER H. HARP et al., as Trustees under the Will of ANNA G. HEDDEN, Deceased, Appellants; GWENDOLYN A. M. HEDDEN, Respondent.— Appeal from a decree of the Surrogate's Court of Ulster County in a will con-

struction proceeding. By paragraph "Second" of her will, testatrix gave her residuary estate to the appellants, "in trust, nevertheless, to invest and reinvest and collect the profits and rents and income therefrom and to pay from the interest and so much of the principal as may be necessary to make a total payment of Thirty-five Dollars ($35.00) per week for the support, maintenance and education of my daughter Gwendolyn A. M. Hedden." The trustees were, among other things, empowered "to apply such additional sums as may be necessary for the use and benefit of my daughter, and they shall be the sole judges as to the propreity of such expenditures." The Surrogate held: "Although no trust term was provided for, this court is constrained to hold that the testatrix intended to provide an income for her daughter until such time as the child could provide for herself." Accordingly, it was determined that a valid trust for the duration of the beneficiary's minority was created. "It is not necessary to the validity of a trust that the trust agreement have a prescribed duration" (89 C. J. S., Trusts, § 92, p. 922) and "the mere fact that no time is stated in a trust instrument or declaration for the termination of a trust does not render it void for uncertainty; its limitation in time can be inferred" (54 Am. Jur., Trusts, § 70, p. 75). In such case the intent will be construed "to be that the trust endure for the period necessary to accomplish the objects of the trust". (4 [Part 2] Bogert, Trusts and Trustees, § 991.) In this case the language of the will was insufficient to support any inference of testatrix' intent as to the trust term and proof of the circumstances and extrinsic factors relevant to the ascertainment of such intent should have been adduced. There seems to us no basis in the papers before us for the Surrogate's conclusion with respect to an unlawful accumulation of income. Decree reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur. [8 Misc 2d 1012.]