Pierson R. Hildreth, S.
In the proceeding for probate of decedent’s will objections to probate were filed by decedent’s former wife who also, by answer, requested a construction of the will. During the course of the proceeding the objections were withdrawn by stipulation and decedent’s will dated March 21, 1955, was admitted to probate. The probate was without prejudice to the proceeding for construction which was severed and is now the matter before the court for determination.
The construction is requested in order to determine the effect of the will upon the rights of decedent’s former wife under a separation agreement in which decedent agreed to make a testamentary disposition for her benefit. The will leaves the entire estate to decedent’s second wife and makes no provision for the former wife. Under the separation agreement made between the decedent and his former wife dated October 8,1941, decedent among other things, agreed as follows: “ 6. First party further agrees, that upon his death, Second Party shall receive, for and during the term of her natural life, the income from one hun *992 dred (100) shares of his stock in Topping Brothers, and twenty-seven (27) shares of his stock in Browning Brothers, Inc., and agrees to execute a will in proper form in order to effect the foregoing legacy which shall be prior to any other legacy, general or specific, contained in such will. ’ ’
It is necessary and incidental to the determination of the requested construction of the will that the court determine the rights of the former wife under the separation agreement and its enforcibility.
The facts indicate that during his lifetime decedent paid his wife $450 per month for her support, and that 100 shares of stock of the corporation known as Topping Brothers were placed in escrow as a guarantee of such payments in accordance with the agreement. It also appears that decedent made a prior will dated December 20,1944, now on file in this court, under which a testamentary provision, presumably to comply with the provisions of the agreement, was made for his former wife. Such prior will, however, was revoked by the will admitted to probate.
Decedent’s second wife, who is executor of the will and sole beneficiary, does not dispute the fact that the separation agreement was, and is, a valid instrument. She asserts that the quoted paragraph is so vague and indefinite as to be unenforcible. The parties in this proceeding are concerned only with the rights of the former wife under the separation agreement with respect to the 100 shares of stock of Topping Brothers referred to therein. Differences between the parties as to interpretation of the agreement and as to the operations and control of this corporation give rise to the present litigation.
The Topping Brothers corporation was substantially decedent’s own corporation. At the time of his death, of 295 shares outstanding, 196% shares were in the name of decedent, and the remaining 98% shares stood in the name of decedent and his sister as trustees for decedent’s children. The chief assets of the corporation consist of a valuable parcel of income-producing real property, and a wholesale business it conducts. It is alleged that the real property itself has a value of upwards of $1,000,000, and operates profitably whereas the wholesale business operates at such a loss that it results in an over-all loss for the corporation.
The executor and sole beneficiary appears to have full control of the corporation and all its activities. It is alleged that the former wife has received no income whatever from decedent’s estate, and that the executor and sole beneficiary under the will is so managing the corporate affairs as to prevent corporate income, earnings, or dividends from being payable to the former wife who is now 67 years of age, and is without means.
*993 So far as the construction issue itself is concerned, the situation, in the opinion of the court, is a clear one. On conceded and undisputed facts, decedent and his former wife entered into a valid separation agreement under which he obligated himself to make the specified testamentary bequest for her benefit, and he did not do so. The agreement created contract rights which the wife may enforce. Such agreement inay be enforced by subjecting the estate to a trust in favor of the beneficiary of the agreement and by making the executor of decedent’s will the sole legatee and devisee thereof trustee for the performance of the agreement, obligated to carry out the terms of the agreement which decedent failed to do. (Tutunjian v. Vetzigian, 299 N. Y. 315; O’Boyle v. Brenner, 273 App. Div. 683; Rich v. Mottek, 11 N Y 2d 90; Phalen v. United States Trust Co. of N. Y., 186 N. Y. 178; Matter of Boyd, 25 Misc 2d 384.) Accordingly, the court determines that the rights of the former wife under the separation agreement shall be enforced by subjecting 100 shares of stock of Topping Brothers in the hands of the executor and estate fiduciary to a trust in favor of decedent’s former wife under which she is entitled for her natural life to the income thereof and that the executor, in the administration of the estate, shall carry out such trust duties. Subject to this trust the provisions of the will are otherwise effective.
Whether the executor and the estate fiduciary is properly performing her duties with respect to carrying out this determination in favor of the former wife the court cannot presently determine on the basis of the information before it. Under the separation agreement it was stated that the legacy (which decedent failed to make) “ shall be prior to any other legacy, general or specific, contained in such will. ’ ’ This is clear indication that the provision was for the support of the wife and that the provision for her benefit should have priority over all others. Whether the executor has properly discharged her duties as fiduciary, or will do so, in the opinion of the court, can be determined only if a full disclosure of her acts to date in the administration of the estate, as well as in operating the Topping Brothers corporation is made. Sufficient facts have been shown to the court in this proceeding to indicate that all the facts must be formally disclosed as quickly as possible. It appears there may be factual support for allegations that the corporation is being operated so as to enhance the value of the stock for the benefit of the fiduciary beneficiary to the detriment of the former wife as income beneficiary of 100 shares. She requests that the corporate assets be sold so as to be made productive of income for her benefit and also alleges in effect that corporate income *994 is not being properly allocated between herself and the remaindermen. Only after all the facts are presented can the court determine whether relief should be granted. On these matters the court reserves decision at this time.
Certain principles appear applicable here and will be mentioned, however, for the guidance of the parties. It is indicated that in addition to having the 196% shares of stock which were in decedent’s name at death, the executor individually has acquired the remaining 98% outstanding shares of the corporation. Thus she now controls individually and as executor all of the shares of the corporation. Her fiduciary responsibilities and duties most definitely and emphatically prohibit any enrichment at the expense of the income beneficiary. The 100 shares have substantial value. Counsel for the executor indicates that such value is in the neighborhood of $300,000. If this asset presently is unproductive of income, an obligation to make it productive may very well exist. (Matter of Hubbell, 302 N. Y. 246; Matter of McLaughlin, 164 Misc. 539; Matter of Adler, 164 Misc. 544.)
Furthermore, the fiduciary is under a duty to account not only for estate transactions but for the operations of the corporation, and the acts of the fiduciary in connection therewith, particularly if such acts may affect the value of this estate asset. (Matter of Witkind, 167 Misc. 885; Matter of Shehan, 285 App. Div. 785.)
During the pendency of this proceeding proponent moved to strike out an affidavit of Vincent West, verified September 26, 1962, designated as “ Reply Affidavit” on the ground that it was irrelevant, and the court reserved decision on such motion. Some of the matters in the affidavit may have pertinency if it becomes necessary to determine factual matters after the accounting herein directed is filed. The court is of the opinion that the matters in the affidavit are not relevant to present determination. Accordingly, the motion to strike out the affidavit is granted.
The court cannot assume at this point that upon an accounting the income which will be shown as paid or .properly allocable to decedent’s former wife from the 100 shares of corporate stock will not be computed and determined in an amount and manner agreeable to such beneficiary. The situation, however, fully warrants such account being promptly made, and the court accordingly directs the executor to file an intermediate account of the estate and corporate transactions from date of death to date of decree to be entered herein within 30 days after service of such decree with notice of entry. (Surrogate’s Ct. Act, § 253.) On the filing of such account the parties may apply at the foot *995 of the decree for such further relief and directions in the matter as may be necessary and proper. The court will retain jurisdiction of the matter for that purpose. Settle decree construing will and rights of the former wife under the separation agreement in accordance with the foregoing and directing the executor to file an account as directed.