**ST. LOUIS UNION TRUST COMPANY, Trustee Under the Will of Parrish G. Haag, Respondent,**

v.

**Erna Bacon HAAG, Trustee Under the Will of Parrish G. Haag, Appellant.**

**No. 52937.**

Supreme Court of Missouri, Division No. 2.

Oct. 14, 1968.

Hyde, Purcell & Wilhoit, Robert C. Hyde, Poplar Bluff, for respondent.

Wangelin & Friedewald, Poplar Bluff, for appellant.

BARRETT, Commissioner.

This is a suit by one trustee, St. Louis Union Trust Company, to surcharge and remove its cotrustee, Erna Bacon Haag, for her alleged personal breach of duty as a trustee. The court entered a judgment removing Mrs. Haag as a cotrustee of her husband's estate, surcharged her $57,031.00 and she has appealed.

The background circumstances are that in March 1941 Parrish G. Haag executed a will and on November 26, 1952, executed a codicil in which he transferred the remainder of his estate to St. Louis Union Trust Company and his wife, Erna Bacon Haag, as trustees of Trust Fund A. It is not necessary to detail the terms of this trust or of Trust Fund B, it is sufficient to say that Mr. Haag's primary concern and purpose was to provide for his wife. Mr. Haag's will was admitted to probate in November 1954 and the plaintiff and the defendant en-

tered upon the performance of their duties as trustees. It was established by the pleadings, interrogatories and admissions that one of the assets of Parrish G. Haag's estate, perhaps the principal asset, was 14½ shares of stock out of a total of 22½ shares of stock in Haag Land Company of Poplar Bluff and these shares, admittedly, were held by the trustees. In addition, the widow and a trustee, Erna Bacon Haag, was president of the corporation, Haag Land Company, her daughter was a vice-president and her son Fred B. Haag was secretary-treasurer. In its petition here St. Louis Union Trust Company alleges that its cotrustee, Erna Bacon Haag, breached her duties as trustee of her husband's trust by permitting funds of Haag Land Company to be withdrawn by "her fellow director and fellow officer" Fred B. Haag as evidenced by a series of unsecured notes executed by him over the years at two and four percent interest—totaling approximately $29,000.00. It was alleged that Mrs. Haag permitted the son, Fred, to buy and sell real estate to Haag Land Company for his personal profit. On September 14, 1954 P. G. Haag and his wife Erna executed a demand note to the Haag Land Company for $9000.00 and now her cotrustee alleges that she has permitted this note "to remain unpaid beyond the statute of limitations." St. Louis Union Trust Company claims that it did not learn of Fred B. Haag's indebtedness to the corporation until December 31, 1964. In any event for all these and other items plus interest amounting to thousands of dollars Mrs. Haag has been surcharged.

Further in background of the appeal, this is a résumé of the trial and disposition of the cause: The petition of St. Louis Union Trust Company against its cotrustee was filed on October 20, 1965. By January 1966 the defendant, Mrs. Haag, filed her answer in which she admitted the first ten allegations of the petition, pleaded that whatever she may have done in the affairs of Haag Land Company were done as the principal officer of the corporation, that her actions as trustee were authorized by the

will and that her cotrustee was guilty of laches. On April 1, 1966, plaintiff filed a series of interrogatories and on the same date a request for an admission of certain facts. June 11, 1966, defendant admitted the first thirteen items, one of which was the execution of the fifteen notes by Fred to Haag Land Company without security. On July 21, 1966 there was a hearing upon the indicated petition and answer, and again certain of the admissions were read into the record, the corporate organization of Haag Land Company, the will of Parrish Haag, the qualification of the trustees and their holding of the 14½ shares of stock and finally the answers to interrogatories. The only witness called was an accountant who as of December 31, 1964, prepared "a financial statement" of Haag Land Company. At the conclusion of this hearing the court stated that it was "going to decree that an accounting be made" by the accountant and he was given thirty days in which to complete the task, after which the court said: "We can then agree upon a date to resume this hearing."

Thereafter, on February 11, 1967, St. Louis Union Trust Company filed a "Motion" requesting of the court an order upon Mrs. Haag to pay the trust estate $57,031.00 "being the loss sustained by the said trust estate because of unlawful and illegal withdrawals from Haag Land Company * * * done and permitted by Erna Bacon Haag" while acting as trustee of the trust and a director of the corporation. In this motion the trustee again asked for Mrs. Haag's removal and for a further "investigation" of the corporation by the accountant. In this motion plaintiff again asserted a claim for unsecured loans, interest and the failure to pay the $9000.00 note and interest. Counsel for plaintiff then announced that "we have asked for several items of relief, and I would like to put on some evidence to support these various matters." Counsel said, "Really, the most of this is in the record, but, rather than have this Court, or any other Court, be required to weed through and try to find this, I think it might be more orderly if I would offer

these things in evidence so that the Court can be considering what we think at least supports our motion." Whereupon, over defendant's objections, plaintiff's counsel offered in evidence its original petition, the defendant's answer, the interrogatories, the defendant's admissions and the correspondence between plaintiff and defendant in which plaintiff requested certain information "and facts relating to transactions in the (trust) account." Counsel then explained how from the audit and the number of shares held by the trustees, 14½ out of 22½, it arrived at its surcharge figure of $57,031.00. Following this procedure there was a lengthy colloquy between court and counsel as to what occurred in the trial and what the court could and could not do upon the record before it. On February 27, 1967, upon the plaintiff's motion of February 11, 1967, the court found the ownership of the 14½ shares of Haag Land Company in the trustees and concluded "It is the judgment of the Court that by permitting the withdrawals of Fred B. Haag from Haag Land Company and by reason of her note to said corporation Erna Bacon Haag has wasted and dissipated assets of the trust and that including interest she is obligated to the trust in the sum of * * * $57,031.00." Accordingly the court entered judgment and removed Mrs. Haag as cotrustee.

Upon this record and appeal Mrs. Haag has briefed and argued the propositions that whatever she did in connection with Haag Land Company was done in her capacity as chief corporate officer with authority of its board of directors, that her actions as cotrustee were all expressly authorized by her husband's will and that plaintiff was guilty of laches. On the other hand St. Louis Union Trust Company has briefed the question of its duty as a cotrustee to institute this action and to compel its cotrustee to account without joinder of the corporation involved, Haag Land Company. The substance of plaintiff's claim is stated in the first sentence of its points and authorities: "Erna B. Haag, as cotrustee of the estate of Parrish G. Haag,

in which estate there was a majority of the common stock of Haag Land Company of which she was at all times director and chief officer, was responsible to the estate as well as to the corporation for damages sustained through her waste and dissipation of corporate assets, and it is not necessary in a suit brought by her co-trustee against her that the corporation be made a party to such suit, since it is a suit between co-trustees." In its argument the respondent points to the compilations of the auditor and says that as late as December 31, 1964, Haag Land Company had $13,000.00 in cash in a building and loan company, a real estate inventory of $25,743.00, that in 1964 it sold stock in a bank "with a gain" of $43,277.42 and a "total shareholders' equity" of $109,-658.00 and in less than two years the real estate inventory shrank $11,200.00, notes receivable $18,000.00 and "the corporation has (sic) shareholders' equity of $85,000.00 of which $60,345.65 is due from Mrs. Haag and Fred B. Haag and $5200.00 of the above mentioned is due from Mrs. John F. Ragsdale, Mrs. Haag's daughter." Therefore, respondent says, "It is also admitted, at least tacitly, that the trust has sustained very substantial loss through the transactions described in evidence, and the acts of Fred B. Haag as permitted by Mrs. Haag."

■ The problems thus presented by the briefs, to illustrate, laches on the one hand and the duties of trustees to one another and their respective liabilities on the other hand, do not readily lead to a compelling conclusion or solution of this cause. The duties and liabilities of trustees as between themselves and to the trust estate need not be repeated, the appellate problem is that in this court-tried equity suit "(t)he appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature." Civil Rule 73.01(d), V.A.M.R., RSMo 1959, § 510.310, V.A.M.S. This rule necessarily means that the appellate review is upon the transcript and record as made in the trial court and as presented by the parties on appeal. Basically, the action here is an attempt by one

trustee "to compel a co-trustee to redress a breach of trust" (Restatement, Trusts, § 184) and, admittedly, a trustee who "commits a breach of trust" (Restatement, Trusts, § 205) is liable for certain losses. But to surcharge and remove a trustee for breach of duty not only must the petition charge specific breaches and acts of misconduct "It is also necessary that proof of the allegations be forthcoming." Bogert, Trusts, §§ 524, p. 343, 527, p. 347.

■ The petition here is sufficient, the difficulty is in confidently trying the cause anew upon this particular record. Without repeating, the only witness was an accountant and his evidence consisted solely not of a true audit but the construction of a financial statement of Haag Land Company. That statement showed a company once possessing certain assets and now a company with certain of the assets missing. There is in fact no compelling proof that the company is now insolvent, in fact there is no proof of an attempt to collect any of the notes or obligations set forth in the petition or to show that they are uncollectible. This is not to say who are proper parties or what witnesses should be called or to indicate trial strategy but no depositions were taken and Mrs. Haag was not called as a witness, neither was Fred Haag nor his sister called and so there are no surrounding circumstances for the transactions complained of, the transfers, loans and the notes of P. G. and Mrs. Haag, their solvency and collectibility all are unexplained. In connection with Mrs. Haag's corporate dealings it may only be said that all transactions with corporate officers are not illegal per se. Land Red-E-Mixed Concrete Co. v. Cash Whitman, Inc., Mo., 425 S.W.2d 919.

The cases relied on by the respondent precisely illustrate the point and difficulty here far better than it can be stated abstractly. In re Shehan's Will, 285 App.Div. 785, 141 N.Y.S.2d 439, was an appeal from a surrogate's order "for the examination of the trustee" as to his activities and handling of the shares of stock of Wildroot

Company. The alleged circumstances were set forth and it was stated that there should be a "broad inquiry" into his activity as a trustee and as an officer of the corporation and accordingly the cause was remanded for a trial. In the Auditore case which as here involved a trustee and a corporation there had been a judgment establishing that the co-trustee had misappropriated corporate funds. But even there two judges dissented and the cause was remanded for further proceedings. In re Auditore's Will, 249 N.Y. 335, 164 N.E. 242, 62 A.L.R. 551. In the third case cited by the respondent, involving an executrix and corporate stock, the court concluded "whether the executor and the estate fiduciary is properly performing her duties with respect to carrying out this determination in favor of the former wife the court cannot presently determine on the basis of the information before it. * * * Whether the executor has properly discharged her duties as fiduciary, or will do so, in the opinion of the court, can be determined only if a full disclosure of her acts to date in the administration of the estate, as well as in operating the Topping Brothers Corporation is made." In re Topping's Estate, 36 Misc.2d 991, 233 N.Y.S.2d 968, 970–971. In our own jurisdiction involving similar problems all the circumstances were presented, Walker v. James, 337 Mo. 750, 85 S.W.2d 876, and in Harvey v. Schwettman, Mo.App., 180 S.W. 413, the court observed that "This account or settlement was thoroughly inquired into at the subsequent trial at which the whole management of the trust estate from its beginning (August 9, 1901) to the filing of the account was the subject of detailed inquiry and judicial investigation" and consequently a finding of a breach of fidelity was affirmed.

This may be an excessively laborious method of presenting the appellate problem involved in determining whether there has been such a breach of trust as to demand a surcharge and if so in what amount and whether the trustee should be surcharged and removed. It is neither desirable nor necessary to demonstrate the shortcomings of the record thereby indicating what particular conduct and transactions may or may not be approved or considered as breaches of duty and of trust—it is sufficient to indicate as hereinbefore the meagerness of the record. "The trouble is, however, that on the record before us, it is impossible to make that character of definite finding which the law contemplates in the disposition of an appeal which is taken from the probate court. It seemingly satisfied the court below to have assurance that all of the items of expenses disallowed by the probate court had been incurred by Sheehan 'in this estate', and that receipts were to be found in the probate court files for the greater portion of such disbursements. Obviously it was not enough that the expenses had been incurred 'in this estate', but instead it was essential, if such disbursements were to be allowed, that a showing be made that they had constituted necessary incidents of the sale of the real estate. Furthermore, save for items with charges fixed by statute, the mere fact of the presence of receipts in the files could not establish the reasonableness of the charges, even assuming that particular disbursements may have been otherwise of a character for which payment should be allowed. Nor, in the case of a single voucher covering different items of services rendered the estate, where there was no showing of what portion of the compensation asked for was for services, if any, necessarily incident to the sale of the real estate, could it be possible for the court to determine what portion of such total charge should be allowed, and what disallowed." In re Claus' Estate, Mo.App., 147 S.W.2d 199, 204. In these circumstances, as in the Claus case, "in view of the lack of evidence on which to (confidently) base a finding and judgment as to the correct amount (if any) for which the guardian is entitled to credit, we are of the opinion that the judgment should be reversed and the cause remanded to the Circuit Court for the trial anew." In re Estate of Mansour (Hines v. Solomon),

238 Mo.App. 623, 646, 185 S.W.2d 360, 374.

STOCKARD, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

EAGER and DONNELLY, JJ., concur.

FINCH, P. J., concurs in result in separate concurring opinion.

FINCH, Presiding Judge (concurring).

I concur in the result reached in the principal opinion. Without proof that the notes given by Fred Haag to Haag Land Company are uncollectible, this court could not find that the company has suffered a loss for which there should be a recovery.

A question which disturbs me in connection with this appeal is whether plaintiff cotrustee may recover in a situation such as is here presented in other than a stockholders' derivative type of action pursuant to Supreme Court Rule 52.08(b), V.A.M.R. This question was not adequately briefed and presented for us to decide that question on this appeal. Respondent's brief merely asserts that its action is not a stockholders' derivative action and that plaintiff cotrustee is entitled to maintain its suit to test the performance of its cotrustee.[1]

If the Haag Land Company stock held by the trustees had, instead, been individually owned, the stockholder owner could not have recovered individually for alleged corporate losses. " * * * the corporation itself is the proper party plaintiff to bring an action to recover any losses occasioned by the wrong. * * * In the event of the failure or refusal of the directors to litigate, then the stockholders may sue, however, it must be in right of the corporation, in which their petition and proof must make a case of wrongful refusal on the part of the directors to sue." Saigh ex rel. Anheuser-Busch, Inc. v. Busch, Mo.App., 396 S.W.2d 9, 16.

I am at least dubitante as to whether the mere fact that the stock is held in a fiduciary capacity for the benefit of a cestui que trust changes the nature of the recovery which can be made. A question arises as to whether the change in the nature of the ownership of the stock permits a recovery for the benefit of the individual for what actually is a corporate loss. The principal opinion does not hold that it does, nor does it say that this suit was properly brought. As a matter of fact, it states that it does not rule the question as to who are proper parties. However, the opinion does state that the petition is sufficient, and I am apprehensive that this might be construed to mean that we have decided that plaintiff trustee, in its fiduciary capacity, is entitled to sue for and recover money damages for the trust on account of asserted losses incurred by the corporation, Haag Land Company. As far as I am concerned, we have not decided that question. It was not presented adequately to permit us to determine the issue on this appeal.

I express the caveat that on remand plaintiff should give consideration to this issue and determine whether suit should be maintained pursuant to Rule 52.08(b). If plaintiff does not elect to maintain a suit in that manner, then inevitably when and if this appeal reaches us again, we will be confronted with the issue of the right of plaintiff trustee to maintain this action.

---

1. Plaintiff asserts that it alone could not bring a stockholders' derivative action unless its cotrustee, the defendant, would join as a party plaintiff therein.

In this connection, consideration should be given to Supreme Court Rule 52.04 (a), V.A.M.R., and § 507.030, RSMo 1959, V.A.M.S.