OPINION OF THE COURT
Eve Preminger, S.
Petitioner, administrator c.t.a. of the will of Lydia Mannara, *557 has asked the court to construe the sole dispositive provision of the will and find a valid trust.
The entire text of the will is:
“I, Lydia Mannara, hereby give my power of attorney to my friend, Christodoulas Pelaghias, [sic] I empower him to make decisions concerning my health, life support and any medical arrangements.
“I hereby appoint him Executor of my last will and testament.
“I hereby bequeath all of my assets to my two nephews in trust for their education.”
The testator executed the will while in extremis. A friend who happened to be visiting the testator the day before her death handwrote the will; and although the friend is an attorney, it is clear from the affidavits of attesting witnesses filed in the probate proceeding that the friend served merely as an amanuensis for the testator who was a layperson.*
Petitioner, who is testator’s sole distributee and father of her infant nephews, contends the will creates two residuary trusts— one for the benefit of each nephew — and would have the court imply certain detailed provisions: that the trustees are petitioner and one Hormoz Lashkari, each of whom may designate his own successor trustee, that the trustees may make discretionary payments for the benefit of the beneficiary’s education, and that each trust shall terminate when the beneficiary attains the age of 22, with the remainder payable to the beneficiary. Petitioner has also provided for the disposition of property in the event a beneficiary dies before attaining the age of 22.
The guardian ad litem, appointed to represent the interests of the two nephews, posits that the will creates a “passive” or invalid trust and that the residuary bequest therefore vests directly in her wards.
A trust is a “fiduciary relationship in which one person holds a property interest, subject to an equitable obligation to keep or use that interest for the benefit of another” (Bogert, *558 Trusts and Trustees § 1, at 1 [2d ed rev 1984]). There are four essential elements of a trust: (1) a designated beneficiary; (2) a designated trustee; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; and (4) actual delivery or legal assignment of the property to the trustee, with the intention of passing legal title to such property to the trustee (Brown v Spohr, 180 NY 201, 209 [1904]). No formulaic expression is required to create a trust; not even the words “trust” and “trustee” are mandatory (see Matter of Leonard, 218 NY 513, 520 [1916]; Matter of Donohue, 143 NYS2d 405, 405-406 [1955]). Conversely, mere inclusion of the phrase “in trust for” does not effectuate a trust (Matter of Douglas, 195 Misc 661, 665 [1949]; Matter of Grauer, 146 Misc 469, 471-472 [1933]). What matters is the testator’s intent to create a trust relationship (Matter of Babbage, 201 Misc 750, 752 [1951]; Matter of Santini, NYLJ, Dec. 12, 1995, at 32, col 2; see Estate of Gladstone, NYLJ, Feb. 18, 1999, at 34, col 5). The test is objective rather than subjective, a question of manifestation of intent rather than actual intent (1 Fratcher, Scott on Trusts § 2.8 [4th ed 1987]).
The instant will lacks fundamental attributes of a trust. It neither designates a trustee, nor confers upon anyone who could be construed to be a trustee the duties of managing the fund. Other than the words “in trust for,” there is no language that would sustain or give color to the construction of a trust. The testator does not distinguish income from principal, exhibit any conception of a trust remainder, or otherwise provide for the use and duration of the fund in terms which would limit— qualitatively or quantitatively — her nephews’ interest in the property. Certainly, the testator has not manifested an intent to impose upon a transferee of property the equitable duties of holding such property for the benefit of another.
Petitioner claims that, because the will was handwritten by an attorney instead of by the testator, Matter of Douglas (195 Mise 661 [1949], supra) is not apposite. He is incorrect.
The will in Matter of Douglas (195 Misc 661 [1949], supra) left property “in trust for” a five-year-old boy; the interest could be used for vocal and music lessons, and the principal was to be used for his college education. The testator, however, evinced no intent to create a trust; indeed, the Surrogate determined that the testator contemplated a guardianship rather than a trust. Reasoning that the testator, a layperson, could hardly be expected to distinguish the technical from the *559 colloquial use of the word “trust,” the Surrogate found the testator’s reference to the beneficiary’s education was not a qualification of the bequest, but an expression of the testator’s motive for making it (Matter of Douglas, 195 Misc 661, 666 [1949], supra).
In the instant will, use of the term “in trust for” is as indiscriminate and inadvertent as it was in Matter of Douglas (195 Misc 661 [1949], supra), the reference to the education of testator’s nephews, an expression of her motivation for the bequest. Like the testator in Matter of Douglas (195 Misc 661 [1949], supra), she contemplated a guardianship rather than a trust.
Even if the court were to find the testator had manifested an intent to create a trust and were to imply a trustee (see e.g. Matter of Sicular, NYLJ, Aug. 22, 1997, at 27, col 2), but not fabricate additional terms now proposed by petitioner (see e.g. Estate of Nowak, NYLJ, June 17, 2002, at 21, col 6), it would be unavailing. A trust involving no active duties on the part of the trustee is only a passive trust (Jacoby v Jacoby, 188 NY 124, 129 [1907]). By operation of law, title to property bequeathed to the trustee of a passive trust vests in the beneficiary (Matter of Gagliardi, 55 NY2d 109, 113 [1982]; Ward v Saranac Lake Fed. Sav. & Loan Assn., 48 AD2d 337, 339 [1975]; Matter of Alexander, 20 Misc 2d 983, 984 [1959]; Estate of Gansil, NYLJ, Feb. 23, 1993, at 22, col 6; see EPTL 7-1.2).
There being no valid testamentary trust, the net residuary estate vests in the testator’s two nephews.

 Affidavits of the two attesting witnesses filed in the probate proceeding indicate that two friends of the testator visited her in the hospital the day before her death. The first to arrive asked the testator if she had a will, and learning that she did not, suggested that the second friend, an attorney whose arrival was expected shortly, prepare a will for her. The second friend met with the testator and drafted the document, which she then read aloud to the testator, in the presence of the first friend. The testator requested that the phrase “in trust for their education” be added, the phrase was added, and the testator then approved the terms of the instrument and executed it.