OPINION OF THE COURT
Anthony A. Scarpino, Jr., S.
This application in the estate of Walter Scott Bruan (decedent) presents a novel question whether the court may authorize the co-administrators to establish trusts for the benefit of decedent’s infant children in accordance with a prenuptial agreement. Petitioners are also the guardians of the property of the infants. A guardian ad litem appointed to represent the interests of decedent’s children consents to the relief.
Decedent died intestate on December 10, 2009 survived by his wife, Piyavan Chantarasmi (Pia) and two infant children, Cameron Arthur William Bruan (Cameron) who is eight, and Skye Lauren Serena Bruan (Skye) who is seven. His death, at the age of 42 years, was the result of an accident.
Prior to their marriage, decedent and Pia entered into a prenuptial agreement dated June 28, 2002 (the agreement) under which Pia waived her right to share in decedent’s estate in the event they did not have children. If they were married and had children, decedent agreed to make certain testamentary provisions for family members as follows:
“fourth: Provisions for the Wife Upon the Husband’s Death.
“(A) (2) (a) If the Wife shall survive the Husband by at least ninety days, Husband shall leave an amount *299 equal to Thirty Percent (30%) of the value of his gross estate to a trust for the Wife which meets the requirements of Section 2056 (b) (7) of the Code. The Trustees of the trusts to be created for the benefit of the Wife shall be the Wife, the Husband’s father, peter bruan, and the Husband’s brother,
CHRISTOPHER BRUAN. . . .
“(A) (2) (b) Husband shall leave an amount equal to Seventy Percent (70%) of the value of his gross estate to one or more trusts to be established for the sole benefit of the Husband’s children, upon such terms and conditions as Husband shall specify in his Last Will and Testament. The Trustees of the trusts to be created for the Husband’s children shall be the Wife, the Husband’s father, peter bruan, and the Husband’s brother, Christopher bruan.”
Decedent did not leave a will. Thus, he did not comply with the terms of the agreement. Petitioners ask the court to impose a constructive trust upon 70% of the net estate and authorize them to transfer such funds to Pia, Christopher and Peter as trustees of two proposed irrevocable trusts as follows: 35% to the Cameron Bruan Trust; and 35% to the Skye Bruan Trust.
The proposed trusts provide the trustees with full discretion to pay, or apply for the benefit of, any or all income and/or principal to the beneficiary during the trust period. Each trust terminates upon the respective beneficiary attaining the age of 35. Payments of principal are to be made as follows: one third upon the beneficiary attaining the age of 25 years; one half at 30 years; and the balance at 35 years. The beneficiary is granted a power to appoint the principal by a written instrument, and failing to do so, the principal is payable to his/her descendants and, if none, to the surviving sibling. The proposed trustees waive commissions. The trusts would relieve the trustees from filing a bond, establish a nonjudicial procedure for a trustee to resign and for the designation of a successor, relieve the trustees of the duty to account, and exonerate each from any liability for the acts of any other trustee. The administrative powers clauses are very broad and include the right to arbitrate any dispute, to delegate administrative duties, to remove assets outside of New York, and to engage in self-dealing.
Petitioners state that decedent’s gross estate is approximately $7,300,000 and that he had debts in the amount of $3,200,000. It appears that petitioners have allocated, or distributed, 30% of decedent’s net estate to the Pia Marital Trust Agreement for *300 the benefit of Pia. Petitioners estimate that $2,870,000 will be available to fund the children’s trusts.
The first question is whether these facts create a constructive trust case.
It is well settled that a contract between spouses which provides for the distribution of one’s estate to the other, or their children, may be enforced against the deceased spouse’s estate (see EPTL 13-2.1; Matter of Granwell, 20 NY2d 91 [1967]; see also Matter of Cohen, 83 NY2d 148 [1994]). Decedent’s failure to leave a will under which he created trusts for the benefit of his family constitutes a breach of the agreement. Accordingly, petitioners in their capacity as guardians of the property, may enforce the contract in equity by the imposition of a trust upon 70% of the estate assets (Sharp v Kosmalski, 40 NY2d 119 [1976]; Matter of Topping, 36 Misc 2d 991 [1962]; see also Matter of Lefton [Bedell], 160 AD2d 702 [2d Dept 1990]).
The next issue is whether, in the absence of a will, the court may authorize petitioners to establish the proposed trusts.
In a similar case, Matter of Topping, the court enforced a separation agreement which obligated the decedent to execute a will under which he would give his former wife shares of stock in two corporations “for and during the term of her natural lifetime” (36 Misc 2d at 991). While the decedent in Topping executed a will which was admitted to probate, he failed to create a trust in accordance with the separation agreement. The court enforced the separation agreement by directing the executor to hold the shares of stock in a trust for the income benefit of decedent’s former wife during her lifetime.
As with Topping, enforcement of the agreement dictates that trusts be created for the benefit of decedent’s children. The agreement here differs from Topping insofar as certain terms and conditions were left for decedent to provide under his will.
Initially it is noted that no particular words are required in order to create a trust. What matters is that decedent’s intent to create a trust relationship is established (Matter of Douglas, 195 Misc 661 [1949]; Matter of Shelly, 50 NYS2d 570 [1944]; Matter of Santini, NYLJ, Dec. 12, 1995, at 32, col 2). The agreement clearly sets forth three of the necessary elements of a trust, the designation of: (1) the beneficiaries; (2) the trustees; and (3) the subject property (see Matter of Mannar a, 5 Misc 3d 556 [2004]; Matter of Baker, 36 Misc 2d 426 [1962]; Matter of Donohue, 143 NYS2d 405 [1955]). However, terms are missing *301 including the duration of the trusts and the distribution of the assets during their administration. The absence of these terms is not fatal to authorizing the co-administrators to establish the trusts.
With regard to the duration of the trusts, a court may construe the settlor’s intent to be that the trust continue for the period necessary to accomplish its purpose (Matter of Hedden, 7 AD2d 764 [3d Dept 1958]; Bogert, Trusts and Trustees § 996, at 443 [2d ed 1965]; at 257 [2d ed rev 1983]). For example, in Matter of Sayer (2 Misc 2d 641 [1956]), a trust created for the education and support of an infant relative of the testator was determined to last during the child’s minority. Consequently, the purpose of the agreement is relevant to a determination of the trust period. Applying the same analysis, the court may ascertain the parties’ intention with regard to the distribution of the trust funds (see Bogert, Trusts and Trustees § 996, at 211 [3d ed 2006]).
It has been observed that marital agreements are almost always a compromise of competing interests (see Matter of Friedman, 146 Misc 2d 91 [1989]). The agreement here contemplates the parties’ intent to provide for Pia’s financial support and the financial support of their children following decedent’s death. Clearly, the trusts were the intended vehicle to provide such support and to free Pia from administering her children’s assets under a joint guardianship with the clerk of the court. The fact that the agreement required decedent to establish trusts for the children indicates that the parties did not want them to receive the assets at the age of 18. Moreover, there is no specific reference in the agreement limiting the obligation to support the children to age 21. It can be inferred then that the parties contemplated that the trustees would administer the trusts for a longer period. The proposal to grant the trustees discretion to distribute income and/or principal for the benefit of the children during their minority and to pay principal at fixed ages accomplishes the parties’ intent. Furthermore, by requiring that three trustees serve, two of whom are independent, the parties’ sought to ensure that the trust funds would be administered fairly and impartially.
However, some of the clauses in the proposed trusts would not be enforceable had decedent created them under a will. For example: EPTL 11-1.7 prohibits a testator from exonerating a fiduciary under a will; SCPA 715 requires court approval for a testamentary trustee to resign; a fiduciary’s duty to account is *302 not waivable (Matter of Lubin, 143 Misc 2d 121 [1989]); and SCPA 710 (4) bars a fiduciary from removing trust assets from New York. Moreover, in light of the court’s duty to protect the assets of an infant (SCPA 1701), it will not sanction the inclusion of any provision which seeks to avoid access to the court, for example, the power to arbitrate disputes.
Based upon all of the foregoing, the application to enforce the prenuptial agreement and to authorize petitioners to establish trusts for the benefit of decedent’s children is granted subject to their making revisions as set forth herein.* When redrafting the proposed trusts, petitioners shall be guided by the fiduciaries’ powers under EPTL 11-1.1.
Finally, the court must fix the fee of the guardian ad litem. The determination of the reasonableness of attorney’s fees is within the sound discretion of the Surrogate’s Court (see SCPA 2110; Matter of Graham, 238 AD2d 682 [1997]; Matter of Ault, 164 Misc 2d 272 [1995]). The guardian ad litem spent 12.8 hours at the rate of $375 for a requested fee in the amount of $4,800. Her services include a review of the petition and underlying documents, researching the legal issues and rendering a report. Based upon the foregoing, the court finds the guardian’s fee fair and reasonable and fixes it in the amount requested.

 Petitioners’ allegations concerning the value of decedent’s estate, the payment of claims, and the distributions made to the marital trust, do not form any part of the law of the case.